United States District Court
Southern District of Texas
**ENTERED**
April 02, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § § | CRIMINAL NO. H-21-100 |
| XAVIER MCCOY-TAYLOR | | |

### ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by clear and convincing evidence and require the detention of the above-named defendants pending trial in this case.

Findings of Fact

[ ] A. Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

[ ] (1)  The defendants have been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  [ ]  a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

  [ ]  an offense for which the maximum sentence is life imprisonment or death.

  [ ]  an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

  [ ]  a felony that was committed after the defendants have been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ] (2)  The offense described in finding 1 was committed while the defendants were on release pending trial for a federal, state or local offense.

[ ] (3)  A period of not more than five years has elapsed since the (date of conviction) (release of the defendants from imprisonment) for the offense described in finding 1.

[ ] (4)  Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendants have not rebutted this presumption.

[X]  B.  Findings of Fact [18 U.S.C. § 3142(e)]

    [X] (1)  There is probable cause to believe that the defendants have committed an offense

        [ ]  for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [X]  under 18 U.S.C. § 924(c).

    [x] (2)  The defendants have not rebutted the presumption established by the finding under B.(1) that no condition or combination of conditions will reasonably assure the appearance of the defendants as required and the safety of the community.

[x]  C.  Findings of Fact [18 U.S.C. § 3142(f)(2)]

    [ ] (1)

    [x] (2)  There is a serious risk that the defendants will flee.

    [ ] (3)

    [ ] (4)  There is a serious risk that the defendants will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[x]  D.  Findings of Fact [18 U.S.C. § 3142(c)]

    [ ] (1)  As a condition of release of the defendants, bond was set as follows:
Defendants have stated that they are financially unable to meet this condition of release. The Court has been asked to reconsider. I have concluded that the bond requirement is the only condition of release that could assure the appearance of the defendants. I find that the amount of bond is reasonable and necessary.

    [ ] (2)

    [x] (3)  I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendants as required.

[ ] (4)

[ ] (5)   I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

Written Statement of Reasons for Detention

**I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that**:
Xavier McCoy-Taylor has been charged by Indictment in the United States District Court for the Southern District of Texas, Houston Division, with interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) (Counts 1, 3, 5), and brandishing, and discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Counts 2, 4, 6).

**I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:**

Evidence presented at the probable cause and detention hearing shows that the grand jury has made a probable cause determination that Xavier McCoy-Taylor ("McCoy-Taylor") committed the offenses described in the Indictment and testified to at the hearing. The agent testified about two robberies that occurred on September 1, 2020. The first was of a Murphy USA gas station located in Katy, Texas around 10:30 p.m. A male wearing a green hoodie that was pulled right around his face entered the store and demanded money. He put a gun in the small of the back of the gas station attendant. He left the gas station with $780.25. Approximately forty-five minutes later, officers responded to a robbery of a CVS in Katy, Texas. A male, wearing a green hoodie, demanded money. He was told the money was in the safe and left the store with a bottle of water. Both robberies were captured on surveillance video. In addition, nearby business video captured an image of a car entering and exiting around the time of the first robbery. License plate readers in the area detected a silver Volkswagen with damage in the rear that matched the car captured on the business video. The agent testified that officers obtained vehicle registration information and driver's license information for the vehicle. The vehicle was located in the parking garage of the apartment complex. McCoy-Taylor was under surveillance on September 25, 2020. Around 9:30 p.m., there was a robbery at a CVS on Beechnut Street in Houston. McCoy-Taylor demanded money from a pregnant CVS employee. A Texas State Trooper yelled at McCoy-Taylor who was exiting the CVS with a gun in his hand to stop. The officer pulled the trigger on his gun but the gun malfunctioned. McCoy-Taylor ran down the street but fell to the ground and dropped his gun. He was taken into custody. A search of the silver Volkswagen revealed a backpack on the front seat. Inside were a pistol, green hoodie and black face mask. Also in the vehicle was McCoy-Taylor's identification from his former employment as a Westlake firefighter. On McCoy-Taylor's person when arrested was a gun and a plastic CVS bag containing $201. McCoy-Taylor was taken into custody. He was given his Miranda warnings. He stated that he was involved in the three robberies.

McCoy-Taylor frequently travels abroad. His employment is unstable. He has a history of mental health issues. He has a history of substance abuse. He has been charged with felony sexual assault in Harris County, Texas. He was released on bond in March 2020. He violated bond

conditions and the bond was increased on September 29, 2020.  He is also on bond in Fort Bend County, Texas.  The activities described in the Indictment occurred while McCoy-Taylor was on state bond.  This demonstrates an unwillingness or inability to comply with standard bail conditions.  Accordingly, no standard conditions of release will assure the appearance of McCoy-Taylor at all future court proceedings in this matter and the safety of the community.  The Court ORDERS that Defendant Xavier McCoy-Taylor be DETAINED pending further proceedings.

Directions Regarding Detention

It is therefore ORDERED that the defendants are committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendants shall be afforded a reasonable opportunity for private consultation with defense counsel.  On Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendants to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, this 2nd day of April 2021.

Frances H. Stacy
United States Magistrate Judge